# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ANGELEQUE J. McNUTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-21 |
| ) | (Phillips) |
| BECHTEL JACOBS COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Strike filed by Bechtel Jacobs Company, LLC ("Defendant" or "BJC") [Doc. 45]. On June 25, 2010, Defendant requested that the Court strike the following documents:

■   Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 42];

■   Portions of Plaintiff's Declaration [Doc. 41-4];

■   Kevin Woods's Declaration [Doc. 41-9];

■   Portions of Lisa Lane's Declaration [Doc. 41-6];

■   Portions of Derrick Lynn's Declaration [Doc. 41-7]; and

■   Portions of Steve Walls's Declaration [Doc. 41-8].

On July 9, 2010, Plaintiff filed a Response to Defendant's Motion to Strike [Doc. 51]. For the following reasons, Defendant's Motion to Strike [Doc. 45] is **GRANTED IN PART AND DENIED IN PART**.

I.   ANALYSIS

    A.   **Plaintiff's Response to Defendant's Motion for Summary Judgment  [Doc. 42]**

1

On May 17, 2010, Defendant filed its Motion for Summary Judgment [Doc. 34]. On June 16, 2010, Plaintiff filed an untimely Response to Defendant's Motion for Summary Judgment [Doc. 42]. Plaintiff's Response was untimely because the Court had previously allowed Plaintiff up to and including June 15, 2010, to file a response to Defendant's Motion for Summary Judgment [Doc. 40].

While Defendant argues that Plaintiff has not followed the deadlines, Defendant is equally at fault. Under Local Rule 7.1(a)(3), "any reply brief and accompanying material shall be served and filed no later than 7 days after the service of the answering brief." Defendant filed its Reply Memorandum in Support of Its Motion for Summary Judgment [Doc. 44] on June 25, 2010. However, because Plaintiff filed its Response to Defendant's Motion for Summary Judgment [Doc. 42] on June 16, 2010, Defendant's Reply [Doc. 44] was untimely. In addition, Defendant violated the local rule instructing that reply briefs "not be used to reargue the points and authorities included in the opening brief . . ." Defendant violated this rule by rehashing the arguments raised in its Memorandum in Support of Its Motion for Summary Judgment [Doc. 36]. The point is simple: both parties have not followed the deadlines.

Moreover, because Plaintiff filed her response only one day late, Defendant was not prejudiced by the delay. Accordingly, Defendant's Motion to Strike [Doc. 45] is **DENIED**, whereby Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 42] shall not be stricken from the record.

    **B.**    **Plaintiff's Declaration [Doc. 41-4]**

Defendant argues that Plaintiff's Declaration [Doc. 41-4] should be stricken because it includes statements that contradict her deposition testimony. In Plaintiff's Declaration, she states that "[a] security clearance was never 'required' to work in the K-25 Building." [Plaintiff's Declaration, Doc. 41-4 at 1]. Defendant argues that Plaintiff stated during her deposition testimony

2

that security clearances were always required. [Defendant's Motion to Strike, Doc. 45 at 5-7].

Plaintiff's Declaration [Doc. 41-4] does not contradict her deposition testimony because Plaintiff worked at the K-25 Building without having a security clearance. Both parties agree that if a worker at the K-25 Building did not have a security clearance, then that worker had to be escorted by others. There is nothing in Plaintiff's Declaration [Doc. 41-4] that contradicts this.

Defendant requests that two additional statements in Plaintiff's Declaration [Doc. 41-4]- also relating to security clearances- be stricken. However, those requests are denied for the same reason: Plaintiff did not contradict her deposition testimony. Accordingly, Defendant's Motion to Strike [Doc. 45] is **DENIED**, whereby Plaintiff's Declaration [Doc. 41-4] shall not be stricken from the record.

    **C.**    **Kevin Woods's Declaration [Doc. 41-9]**

Defendant argues that Kevin Woods's Declaration [Doc. 41-9] should be stricken in its entirety. In support, Defendant states that Mr. Woods was not identified as a knowledgeable witness in Plaintiff's Initial Disclosure, and was not disclosed in any supplemental responses. Plaintiff admits that Mr. Woods was not disclosed prior to filing her Response to Defendant's Motion for Summary Judgment. [Plaintiff's Response to Defendant's Motion to Strike, Doc. 51 at 2].

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Under Rule 26(a)(1)(A)(I), a party must provide in its Initial Disclosure "the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information- that the disclosing party may use to support its claims or defenses, unless the use would

be solely for impeachment . . ." In addition, parties have a duty to supplement its disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . ." Fed. R. Civ. P. 26(e)(1)(A).

Mr. Woods served as one of Plaintiff's supervisors while she worked at the K-12 Building. Defendant argues that it would suffer undue prejudice if Plaintiff were allowed to rely on Mr. Woods's Declaration. The Court finds Defendant's request well-taken. Plaintiff did not disclose Mr. Woods as a knowledgeable witness, and therefore may not rely upon his declaration in support of her Response in Opposition to Defendant's Motion for Summary Judgment [Doc. 42]. *See* Fed. R. Civ. P. 37(c)(1). Accordingly, Defendant's Motion to Strike [Doc. 45] is **GRANTED**, **whereby Kevin Woods's Declaration [Doc. 41-9] SHALL BE STRICKEN FROM THE RECORD.**

D.  Declarations By Co-Workers  [Docs. 41-6, 41-7, 41- 8]

Defendant requests that the Court strike portions of the Declarations made by Plaintiff's former co-workers: Lisa Lane, Derrick Lynn, and Steve Walls [Docs. 41-6, 41-7, 41-8]. In particular, Defendant requests that the Court strike the following statement, which is included in each Declaration:

> During her period of employment with Bechtel Jacobs Company, LLC, Angeleque McNutt was considered to be a hard worker and was not considered to be a subpar worker in any way.

[Docs. 41-6, 41-7, 41-8]. Defendant requests that these statements be stricken because they are not based upon personal knowledge.

Under Rule 56(e)(1) of the Federal Rules of Civil Procedure, "supporting or opposing affidavit[s] must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P.

4

56(e)(1). Lisa Lane, Derrick Lynn, and Steve Walls were Plaintiff's co-workers, and therefore have personal knowledge of Plaintiff's ability as a worker  The affidavits set forth in sufficient detail when they began work at BJC, when they were terminated, and on what assignments they worked with Plaintiff.  Accordingly, Defendant's Motion to Strike [Doc. 45] is **DENIED**, whereby the declarations made by Lisa Lane, Derrick Lynn, and Steve Walls [Docs. 41-6, 41-7, 41-8] shall not be stricken from the record.

II.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike [Doc. 45] is **GRANTED IN PART AND DENIED IN PART**.  **The only document that shall be stricken from the record is Kevin Woods's Declaration [Doc. 41-9].**

**IT IS SO ORDERED**.

                                    **ENTER:**

                                    s/ Thomas W. Phillips
                                  United States District Judge